IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BALJINDER SINGH,

     Petitioner,

v.                                 No. 1:26-cv-0541 KG/GBW

PAMELA BONDI, Attorney General of the United States;
KRISTI NOEM, Secretary, Department of Homeland Security;
MARY DE ANDA-YBARRA, El Paso Field Office Director,
Immigration and Customs Enforcement; TODD LYONS,
Acting Director of Immigration and Customs Enforcement; and
WARDEN, Torrance County Detention Facility,

     Respondents.[1]

<u>ORDER TO ANSWER AND GRANTING MOTION TO PROCEED IN FORMA PAUPERIS</u>

Before the Court is Petitioner Baljinder Singh's *pro se* Petition for Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) (Petition), filed on February 24, 2026.   Petitioner

is detained at the Torance County Detention Facility in Estancia, New Mexico, and challenges

his detention in Immigration and Customs Enforcement (ICE) custody.   Also before the Court is

Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.   (Doc. 2)

(IFP Motion).   It appears Petitioner is unable to prepay the $5.00 habeas filing fee.   The Court

will grant the IFP Motion pursuant to 28 U.S.C. § 1915(b)(4) and Petitioner shall be excused

from prepaying the filing fee.

---

[1] The *pro se* Petition names the Warden as Respondent, which is standard in non-immigration
cases.   The Court adds the above-mentioned parties as additional Respondents in this case.   *See
Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the
Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases");
*Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper
party respondent in a habeas case).

Petitioner states that on January 10, 2026, was taken from a gas station by ICE without a warrant and without explanation.   (Doc. 1) at 9-10.   He states that his asylum and removal proceedings are pending, and he has not provided a bond or custody redetermination.   *Id.* at 2-6. Petitioner further states he suffers from serious medical conditions and is not receiving proper medical treatment, and at the time of his detention he possessed valid employment authorization, a Social Security number, and had complied with U.S. laws.   *Id.* at 10.   Petitioner seeks release from immigration detention.   *Id.* at 7.

Having conducted an initial review of the Petition, the Court finds the alleged facts raise a colorable claim for relief.   *See Garcia Sanchez v. Noem, et al.*, 25-cv-1219 KG/JFR (concluding petitioner was detained pursuant to 8 U.S.C. § 1226, rather than 8 U.S.C. § 1225, and ordering Respondents to provide a bond hearing); *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.) (Gonzales, J.) (same); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.) (same).   The Clerk's Office has electronically served a copy of the petition in this matter on all federal respondents by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system.   *See* (Doc. 3).   The United States Attorney's Office (USAO) shall answer the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted.   *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition).   Petitioner may file an optional reply within ten (10) business days after the answer brief is filed.

If the USAO declines to timely respond, the Court may enter a separate order directing the Immigration Court to conduct a bond hearing in accordance with its prior rulings on this issue.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED;

2. The United States Attorney's Office must answer the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted;

3. If Petitioner wishes to file an optional reply, he must do so within ten (10) business days after Respondents' response is filed; and

4. The Clerk's Office shall add the additional party Respondents set forth in the caption of this Order to the docket of this case.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

3