IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BALJINDER SINGH,

     Petitioner,

v.                                       1:26-cv-00541-KG-GBW

FNU LNU, et al.,

     Respondents.

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Baljinder Singh's pro se motion for a Temporary Restraining Order ("TRO") under Federal Rule of Procedure 65, *see* Doc. 6, and the Government's Response, Doc. 9. For the reasons below, the Court grants Mr. Singh's motion and orders the Government to release him.

### I.    *Background*

Mr. Singh, an Indian citizen, has lived in the United States since at least 2023. Doc. 6 at 4. He has filed an application for asylum, which remains pending. *Id.* He has complied with all immigration requirements and has no criminal history. Doc. 1 at 10. He has a social security card and temporary work authorization. *Id.* Before his detention, he worked as a licensed truck driver and operated his own business. *Id.* Mr. Singh has "lost" his "employment and business income" due to his detention. *Id.*

Mr. Singh also suffers "from serious medical conditions, including diabetes, hypertension," "thyroid disorder, and heart-related conditions." Doc. 6 at 3. He takes "multiple prescribed medications daily." *Id.* "These conditions require continuous medication and medical monitoring, and any interruption or delay in treatment may result in severe and

1

irreversible harm, including stroke or heart complications." *Id.* His detention has "caused extreme emotional, physical, and financial distress" to his family. Doc. 1 at 10.

On January 10, 2026, Immigration and Customs Enforcement ("ICE") detained Mr. Singh without providing him a bond hearing. *Id.* He remains detained at Torrance County Detention Facility, in Estancia, New Mexico and seeks immediate release. *Id.* at 1, 7.

## II.    *Standard of Review*

A TRO "preserve[s] the status quo [ante]" before a final decision on the merits. *Resolution Trust v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). The status quo is "the last peaceable uncontested status…before the dispute developed." *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 798 n.3 (10th Cir. 2019). A petitioner seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest favor relief. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). "[A]ll four of the equitable factors weigh in" the petitioner's favor, *Sierra Club. v. Bostick,* 539 Fed. App'x 885, 888 (10th Cir. 2013), but "[t]he likelihood-of-success and irreparable-harm factors are the most critical." *People's Trust Fed. Credit Union v. Nat'l Credit Union*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018). "[R]egardless of whether or not notice is provided," a TRO "should not exceed the maximum time allowed by" Rule 65, which is 28 days, "absent consent of the opposing party." *Isler v. New Mexico Activities*, 2010 WL 11623621, at *3 (D.N.M.).

## III.    *Analysis*

For the reasons below, the Court concludes that (A) Mr. Singh is likely to succeed on the merits of his habeas petition, (B) he will suffer irreparable harm without injunctive relief, and (C) the balance of equities and the public interest favor relief.

**A.      Mr. Singh is likely to succeed on the merits of his petition.**

Mr. Singh has established a likelihood of success on his (1) statutory claim and (2) Fifth Amendment due process claim.

*1.       Mr. Singh is likely to succeed on his statutory claim.*

Mr. Singh is likely to succeed on his claim that his detention is governed by § 1226(a), not the mandatory detention provision of § 1225(b)(2)(A).  The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States or has already entered the country.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and are "not clearly and beyond a doubt entitled to be admitted."  In that circumstance, the statute provides that the noncitizen "shall be detained" during removal proceedings.  § 1225(b)(2)(A).  "This provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.).

By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  § 1226(a).  "Under federal regulations, noncitizens detained under this second detention regime are entitled to individualized bond hearings at the outset of detention."  *Pu Sacvin*, 2025 WL 3187432, at *1.  "Noncitizens who entered the country years earlier are not considered to be 'seeking admission,' and therefore fall under" § 1226(a), "rather than § 1225(b)(2)(A)."  *Id.* at *3; *see also Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) (collecting over 300 consistent district-court decisions nationwide).  Because Mr. Singh had already affected an entry and was not seeking admission at the time of his arrest, § 1226(a) governs his detention.

3

2.    *Mr. Singh is likely to succeed on his constitutional claim.*

Mr. Singh has also met his burden of showing a likelihood of success on his due process claim.  The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.  Given that § 1226(a) is controlling here, Mr. Singh "is entitled—as a right—to an individualized bond hearing."  *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.).  His redetention without such review "constitutes an ongoing violation of [his] right to due process."  *Id.*  Mr. Singh therefore meets his burden in demonstrating that he is likely to succeed on his due process claim.

**B.    *Mr. Singh will face irreparable harm without injunctive relief.***

Mr. Singh's detention causes irreparable harm because the "infringement of a constitutional right" is per se irreparable harm.  *Free the Nipple*, 916 F.3d at 805.  In this case, Mr. Singh suffers from serious medical conditions that are being exacerbated by his detention.  Doc. 1 at 10.  He has also lost income from his business which has negatively impacted his family.  *Id.*  This ongoing harm to his health and livelihood underscores the irreparable nature of the injury caused by his continued detention.

**C.    *The equities and public interest favor relief.***

Finally, any burden on the Government to release Mr. Singh from custody and hold a pre-deprivation hearing is minimal compared to the harm that he suffers in detention.  While the

Government has an interest in securing Mr. Singh's appearance at immigration proceedings, detention has been unnecessary to carry out that interest. Mr. Singh has complied with immigration conditions, has no criminal history, and has pursued an asylum claim. Doc. 1 at 10. "Faced with a choice between minimally costly procedures and preventable human suffering," the "balance of hardships tips decidedly in [P]etitioner's favor." *Singh v. Andrews*, 2025 WL 1918679, at *7 (E.D. Cal.); *see also Domingo*, 2025 WL 2941217, at *4 (same). The public interest also weighs in Mr. Singh's favor; it is "not in the public's interest to allow unexplained detention." *Domingo*, 2025 WL 2941217, at *4.

**IV.    Conclusion**

This TRO restores and preserves the status quo ante pending further proceedings. IT IS THEREFORE ORDERED that:

1. Mr. Singh's request for a Temporary Restraining Order, Doc. 6, is granted.

2. The Government is ordered to release Mr. Singh within 24 hours of this order. Upon release, the Government may not subject Mr. Singh to post-release monitoring or supervision not in place before his detention.

3. The Government is restrained from redetaining Mr. Singh unless it demonstrates, by clear and convincing evidence at a pre-deprivation hearing before a neutral arbiter, that Mr. Singh is a danger or flight risk.

4. This order shall remain in effect for 28 days for good cause shown. *See* Fed. R. Civ. P. 65(b)(2).

5. Given the important constitutional rights at stake for Mr. Singh, the Court finds that no bond is required. *See Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1206

(10th Cir. 2003) (providing district courts with "wide discretion under Rule 65(c)" to determine "whether to require security").

6. The Court reserves ruling on the merits of the habeas petition.

IT IS SO ORDERED.

/s/ Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.